## JAMES W. MORFORD *v.* JAMES O. BROWNING ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—440.]

**Priority of Lien.**

> Where the owner of a one-half interest in a saw-mill sold it, the purchaser assigning two notes to him and executing his own note to him for the purchase-money, and also executing a paper to him as follows: "And on this last note the said James W. Morford is to hold a lien on the mill until paid for, and the aforesaid James O. Browning (purchaser) can not bargain and sell and give a clear title until all claims are settled," it is held that such a lien is superior to the claim of judgment creditors who purchased said interest after they had read the above named lien and had knowledge of said lien.

### APPEAL FROM BRACKEN CHANCERY COURT.

May 31, 1881.

OPINION BY JUDGE HARGIS:

The appellant, Morford, sold and delivered the possession of one-half interest in a portable saw-mill to Browning, in consideration of $1,000. The latter assigned two notes which he held on Jett, and executed his own note to appellant for the purchase-money. He executed a paper to Morford at the same time, containing this language: "And on this last note the said James W. Morford is to hold a lien on the mill until paid for, and the

aforesaid James O. Browning can not bargain and sell and give a clear title until all claims are settled."

The mill remained on Morford's land until the appellees, Swann & Coons, who were judgment creditors of Browning, caused executions to issue against him, and to be levied on his undivided interest in the mill subject to Morford's lien. On the day of sale Swann & Coons were shown the paper under which Morford claimed a lien, and they then became the purchasers of Browning's interest, subject to whatever lien Morford might have.

The notes on Jett were cancelled by an action he brought to rescind the contract with Browning, in pursuance of which he had executed them to him. They were therefore without consideration. It is insisted for the appellees that they secured a superior lien to Morford by virtue of the sale and purchase under their execution; and the case of *Vaughn v. Hopson,* 10 Bush (Ky.) 337, is relied on as sustaining their position. That case does not apply to a creditor who becomes such before any right of the debtor to the property is created, and who purchases it with notice of the lien of the vendor.

As between the vendor and the vendee the lien can not be denied nor defeated by the latter until it shall be discharged consistently with the terms of the contract embracing it. The appellees, who were mere creditors, purchased with notice of Morford's lien, and they can not therefore claim the character of innocent purchasers for a valuable consideration. They are in no better attitude than the debtor, who was bound by his written contract not to bargain nor sell the mill until all claims are settled. Besides this, the language of the writing is, that "Morford is to hold a lien on the mill until paid for."

While the instrument is somewhat ambiguous, yet it contains enough to give appellees ample notice of both the nature and extent of Morford's lien. It is agreed that it was read by the appellees before they caused the execution sale and became the purchasers. Their only contention is that the lien was confined to the note executed by Browning, and that the amount covered by the Jett notes was not embraced in the lien.

But the language "until paid for" and "until all claims are settled," negatives the idea that the lien was not commensurate with the whole of the purchase-price. The appellees are not

prejudiced by their inability to make their debt out of property which in equity and good conscience never did belong to their debtor: Especially is this so in view of the fact that he did not obtain credit from them on the faith of its possession or ownership.

Whatever may be the facts as to verbal statements of appellant relative to the extent of his lien, it is admitted that he relied upon and exhibited the written instrument containing his lien to the appellees before they purchased the mill at their execution sale, and that they purchased subject to the lien shown by that writing. It must regulate the rights of the parties and exclude the doubtful and unreliable guide of oral statements, which are rendered confused and dubious by the strenuous disputes of the parties. It follows that appellant's lien should have been held to cover the whole of the purchase-money due him from Browning, and the appellees should have been postponed until his lien was satisfied.

There were no exceptions to the commissioner's report of the state of accounts between Morford and Ingram, and the judgment on that branch of the case can not, for this reason, be disturbed, and it is therefore *affirmed.* But the judgment in favor of Swann, surviving partner of J. W. Swann & Co., and Swann & Coons and Browning, is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*C. H. Lee, for appellant.*

*B. G. Willis, for appellees.*